**Patricia Baca Bennett**
Thursday at 9:52 PM · -4-5-15

Judge Judith Wells has appointed Lori DeAngelis Griffith as the Associate Judge of the 325th District Court.

On a related note, the majority of Family District Court judges in Tarrant County now agree that each Family District Judge may hire and fire his or her own Associate Judge. To be clear, after reading the statute, I don't believe that the opinion of the Family District Judges is relevant.

Here is the relevant part of Section 201.001 of the Texas Family Code for hiring an Associate Judge:

Sec. 201.001. APPOINTMENT. (a) A judge of a court having jurisdiction of a suit under this title, Title 1, Chapter 45, or Title 4 may appoint a full-time or part-time associate judge to perform the duties authorized by this chapter if the commissioners court of a county in which the court has jurisdiction authorizes the employment of an associate judge.
(b) If a court has jurisdiction in more than one county, an associate judge appointed by that court may serve only in a county in which the commissioners court has authorized the associate judge's appointment.
(c) If more than one court in a county has jurisdiction of a suit under this title, Title 1, Chapter 45, or Title 4 the commissioners court may authorize the

 Patricia Baca Bennett

the commissioners court may authorize the appointment of an associate judge for each court or may authorize one or more associate judges to share service with two or more courts.

(d)  If an associate judge serves more than one court, the associate judge's appointment must be made with the unanimous approval of all the judges under whom the associate judge serves.

(e)  This section does not apply to an associate judge appointed under Subchapter B or C.

It is my belief that (c) controls the interpretation of (d). That is, if the County Commissioner's Court appoints a judge to serve each individual Court, then each individual judge decides what judges are hired and fired, but if the Commissioner's Court assigns an associate judge to multiple courts, then it requires a unanimous decision of those judges to appoint an associate judge.

From 1983 to 1986, Master's (now called Associate Judges) salary was in a general court budget and the aggregate salaries probably were not enough to cover one judge for each of the six Family Law Courts. In 1989 each Tarrant County Family Law Court had a budgeted position for a Master.  It is a bit unclear what the budgets were in 1987 and 1988. It is very clear that since at least 1989, each Family District Court has had a budgeted position for one Master or Associate Judge every year since 1989. Today, each of us have in our budget the salary for one Associate

    



of us have in our budget the salary for one Associate Judge.

It is my understanding, that the Commissioner's Court, once it sets a position, does not control the hiring and firing, with a few exceptions. Those exceptions would be issues such as statutory qualification and felony conviction.

I am not taking a position on what I want the law to be. I am taking a position on what I believe the law is.

It is my opinion, that I, and I alone may determine who sits as the Associate Judge of the 360th and who receives that salary. The only signature that has any legal meaning on the Order of Appointment is my signature. Likewise, Judge Wells, and Judge Wells alone, has the power to determine who receives the salary of the 325th Associate Judge and who sits in that position. It is also my position that Judge Berger had the power to determine that her former Associate Judge could not sit as her associate and receive the salary in her budget. It is my opinion that those judges that told her she could not fire her former Associate Judge were wrong and owe her an apology. The latter is a moral opinion, not a legal one.

I believe that under Article 5, Section 11 of the Texas Constitution and under §24.003 (c), (d) and (e) of the Texas Government Code allows us to "exchange benches." I believe this allows us to assign cases that

   



Patricia Baca Bennett 

benches." I believe this allows us to assign cases that we hear for another judge when there is sickness or absent to our respective associates if a proper assignment is made under 201.007 of the Texas Family Code.

④

The majority of the Tarrant County Family District Judges have signed a resolution saying we are no longer following that policy; however, that has not been the actual law until 1989. It has been a tradition with no legal force or effect.

I also believe this add to accountability. Each Family District Judge is elected and has the responsibility for his or her respective Associate Judge in Tarrant County. Judges can not hide behind needing votes to dismiss a judge either. Here is that statute:

Sec. 201.004. TERMINATION OF ASSOCIATE JUDGE.
(a) An associate judge who serves a single court serves at the will of the judge of that court.
(b) The employment of an associate judge who serves more than two courts may only be terminated by a majority vote of all the judges of the courts which the associate judge serves.
(c) The employment of an associate judge who serves two courts may be terminated by either of the judges of the courts which the associate judge serves.
(d) This section does not apply to an associate judge appointed under Subchapter B or C.

   



I do hope the Texas Legislature cleans up what is rather poor drafting. It should allow for counties such as Travis County that actually share Associate Judges on a rotating docket. However, this matter seems to be resolved, at least in my mind and in that of the majority of the Family Law Judges in Tarrant County.



👍 13                                                                                       2 Comments

👍 Like                                          ↗ Share

 **Patricia Baca Bennett** shared Rich DeOtte's post.
Thursday at 7:56 PM

Will someone in the Cruz campaign explain?

 **Rich DeOtte**
Monday at 7:50 PM

Every now and then, I remember loading the family up in the rent truck in Massachusetts and heading back to my home state, Texas.... Continue Reading

