UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DIANE SCOTT HADDOCK,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00817-O |
| | § | |
| **TARRANT COUNTY, TEXAS, PATRICIA BACA BENNETT, in both her Individual and Official Capacities, KENNETH EARL NEWELL, in his Official Capacity only, JESUS "JESSE" NEVAREZ, JR., in his Official Capacity only, JUDITH WELLS, in her Official Capacity only, JEROME S. HENNIGAN, in his Official Capacity only, JAMES B. MUNFORD, in his Official Capacity only, and ALEX KIM, in his Official Capacity only,** | § § § § § § § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT JUDGES' REPLY BRIEF IN SUPPORT OF THEIR
RULE 12(b)(1) AND RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE REED O'CONNOR:

Nothing in Plaintiff's Response (Dkt. No. 41) negates the numerous alternative arguments set forth in the Defendant Judges' Motion to Dismiss (Dkt. No. 38). No further factual development is necessary in this case, because no discovery could overcome the legal barriers to Plaintiff's claims.

1

1. **The position of associate judge is exempt from First Amendment protection as a matter of law.**

Plaintiff argues that the determination of whether an associate judge is subject to a political patronage dismissal is a fact-specific inquiry that requires further factual development to resolve. This is incorrect. The only arguable "fact-finding" needed to resolve this issue is for the Court to take judicial notice of the statutory duties of an associate judge. Nothing else is required. As Defendants pointed out in their Motion to Dismiss, the relevant statutes expressly provide that associate judges have broad authority to perform a litany of core traditional judicial duties. *See* Tex. Family Code Ann. §§ 201.005(a), 201.005(b), 201.007(a). These duties substantially match the duties of a district judge, the primary difference being that a district judge may negate the decisions of an associate judge. *See id.* §§ 201.014, 201.015. This wide array of responsibilities inherently requires associate judges to exercise broad discretion in fulfilling their judicial duties. It is nonsensical to posit that a district judge's duties are "policymaking," but an associate judge's duties are merely ministerial and are not "policymaking." They are largely similar duties.

The broader statutory scheme further demonstrates that an associate judge possesses similar judicial powers and authorities to those of a district judge. *See, e.g.*, *id.* § 201.013(a) ("Pending a de novo hearing before the referring court, a proposed order or judgment of the associate judge is in full force and effect and is enforceable as an order or judgment of the referring court . . . ."); *id.* § 201.017 ("An associate judge appointed under this subchapter has the judicial immunity of a district judge."). Plaintiff even admits in her Response that she "had an independent, sworn duty to determine the law and the facts, and apply the law to the facts in individual cases assigned to her." *See* Dkt. No. 41 at 8. This is the very essence of judicial power and discretion.

No factual discovery can change this inescapable legal conclusion: when the statutory powers of an associate judge are compared to the legal definitions of a "policymaking" and

"confidential" employee, they match. This is a simple legal conclusion. No further fact-finding can possibly negate it, because case-specific facts cannot change statutory requirements. Thus, the position of an associate judge is a policymaking and confidential position as a matter of law.

Of course, as Defendants acknowledged in their Motion to Dismiss, this is not necessarily the end of the analysis. The Court must also consider whether political loyalty "is an appropriate requirement for effective performance of the public office involved." *See Aucoin v. Haney*, 306 F.3d 268, 276 (5th Cir. 2002) (quoting *Branti v. Finkel*, 445 U.S. 507, 518 (1980)). As Defendants have noted, an essential part of the *raison d'être* of the associate judge system is for district judges to be able to *trust* and *rely on* the work performed by their associate judges. If political conflicts destroy the trust between district judges and one of their associate judges, they must be able to dismiss that associate judge. The First Amendment does not force district judges to work with associate judges they do not trust, and no fact-finding can change that legal principle.

It is undisputed that district judges are elected in Texas. It is also well established that elected officials may fill their close staff positions that require *discretionary decision-making* based on political trust or distrust. *See Aucoin*, 306 F.3d at 275 (collecting a multitude of cases holding that assistant district attorneys, city attorneys, assistant city attorneys, and assistant county attorneys are all subject to political dismissal). It would inexplicably contradict the rationale of all those prior cases to hold that the First Amendment somehow protects an associate judge against political dismissal by district judges. The position of an associate judge is *the* position with the most discretion, power, and authority underneath the district judges. If district judges cannot choose their associate judges based on who they trust or distrust, then *a fortiori* they cannot choose anyone else on their staff based on political trust or distrust. Again, this would contradict the

3

rationale of a wide tradition of established case law. *See id.* (collecting cases).[1]  Elected district judges must be able to select the individuals on whose discretionary policymaking decisions they need to rely—their associate judges—without fear of political disloyalty, conflict, or distrust.[2]  The First Amendment imposes no contrary requirement.

**2.   The *Burlington* standard for adverse employment actions does not apply to First Amendment claims.**

Plaintiff points to no controlling authority applying the *Burlington* standard for adverse employment actions to a First Amendment retaliation claim. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).  Until the Fifth Circuit overrules its decision in *Breaux*, the holding of *Breaux* remains the directly controlling authority for the definition of an adverse employment action for purposes of a First Amendment retaliation claim. *See Breaux v. City of Garland*, 205 F.3d 150, 156–58 (5th Cir. 2000).

In *Breaux*, the Fifth Circuit expressly held that for purposes of a First Amendment retaliation claim, adverse employment actions include discharges, demotions, refusals to hire, refusals to promote, reprimands, and in some instances, transfers. *Id.* at 156 (citing *Pierce v. Tex. Dep't of Criminal Justice, Institutional Div.*, 37 F.3d 1146, 1149–50 (5th Cir. 1994)).  As the court noted, the Fifth Circuit has "declined to expand the list of actionable actions, noting that some things are not actionable even though they have the effect of chilling the exercise of free speech." *Id.* (quoting *Bennefield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998)).

---

[1] Further, as noted in Defendants' Motion to Dismiss, Plaintiff's claims raise fundamental concerns related to principles of federalism. *See, e.g.*, *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1286 (5th Cir. 1992) (en banc) ("Principles of comity and federalism, in addition to Article III's jurisdictional bar, mandate that we intervene in the management of state courts only in the extraordinary case." (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983))).

[2] Contrary to Plaintiff's assertion, this case is about the position of a family court associate judge under the Texas Family Code.  This case is not about "all Tarrant County employees whose jobs may be controlled or influenced by the District Judges." *See* Dkt. No. 41 at 31.  No party is arguing that "all Tarrant County employees" are policymaking/confidential employees exempt from a First Amendment retaliation claim.

As explained in Defendants' Motion to Dismiss, Plaintiff's allegations of a pre-termination "hostile work environment" fail to meet the *Breaux* standard for an adverse employment action. *See* Dkt. No. 38 at 8–10.  Indeed, Plaintiff does not even attempt to argue that her hostile work environment claim satisfies the *Breaux* standard.  Accordingly, Plaintiff has failed to plead a claim for a hostile work environment as a matter of law.

3. **Plaintiff has failed to plead specific facts showing *any* causal connection between any person's alleged retaliatory animus and Plaintiff's termination.**

Plaintiff's Response emphasizes that circumstantial evidence can show a retaliatory motive.  What Plaintiff completely fails to do, however, is to plead *any* specific facts connecting any individual with an alleged retaliatory motive to any individual who terminated Plaintiff.  This simply does not satisfy the well-established pleading standard of Rule 12(b)(6) under *any* theory of causation, direct or circumstantial.

Plaintiff speculates on various possible "inferences" that she opines might connect the alleged animus of Judge Bennett to the termination decision of Judges Newell, Nevarez, Wells, and Hennigan.[3]  *See* Dkt. No. 41 at 22–23.  Plaintiff has pleaded no actual *facts* that render her causal "inferences" anything more than pure speculation on her part.  While this Court accepts allegations *of fact* as true for purposes of a motion to dismiss, this Court must "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (a plaintiff's allegations must render her claims more than merely "conceivable" or "speculative"); *Dorsey v.*

---

[3] Again, were this case to proceed to discovery, Defendants would vigorously contest Plaintiff's factual allegations of retaliatory animus.  Defendants here simply point out that Plaintiff has failed to plead sufficient facts to allow this case to proceed beyond the pleading stage.

*Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("To avoid a dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations." (internal quotation marks omitted)); *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (a court should not "strain to find inferences favorable to the plaintiffs").

As noted in Defendants' Motion to Dismiss, Plaintiff's pleadings on causation are a classic example of "conclusory allegations, unwarranted factual inferences, [and] legal conclusions." *See Plotkin*, 407 F.3d at 696. Accordingly, Plaintiff has failed to plead a viable claim for relief, and this Court must dismiss her First Amendment retaliation claim.

**4.      Plaintiff misapplies the "clearly established law" standard for qualified immunity.**

Plaintiff misconstrues the nature of "clearly established law" for purposes of qualified immunity. It is certainly true that the Supreme Court has recognized a general right of some state employees to be free from political retaliation under the First Amendment. However, it is just as well established that this general right does *not* apply to state officials who are policymaking and/or confidential employees who hold politically sensitive positions of trust under elected officials. *See* Dkt. No. 38 at 5–8. Plaintiff ignores this precedent when she insists that the generic rule—in and of itself—was sufficient to put Judge Bennett on notice that Plaintiff's specific position as an associate judge was somehow protected by the First Amendment. That is not how qualified immunity works.

A state official is entitled to qualified immunity unless the law is sufficiently clear to put a reasonable actor on notice that her conduct is unlawful. *See Wernecke v. Garcia*, 591 F.3d 386, 393 (5th Cir. 2009); *see also* Dkt. No. 38 at 15–16 (collecting cases explaining the necessity of defining "clearly established law" with a high degree of particularity, *not* at a high level of generality). As noted in Defendants' Motion to Dismiss, there is a plethora of established case

6

law holding that a variety of positions are all subject to political dismissal. *See Aucoin*, 306 F.3d at 275 (collecting a multitude of cases holding that assistant district attorneys, city attorneys, assistant city attorneys, and assistant county attorneys are all subject to political dismissal). The reasonable conclusion from this clearly established law is that the position of an associate judge is subject to political dismissal, just as the positions of an assistant district attorney, city attorney, assistant city attorney, and assistant county attorney. It is difficult to comprehend how elected district attorneys, for example, could freely select their assistant district attorneys based on political trust, but elected district judges could not select their associate judges based on political trust. There is no rational basis for such a distinction.

In short, all of the "clearly established law" regarding First Amendment retaliation points consistently to the inexorable conclusion that a position like that of a Texas family court associate judge is a policymaking/confidential position subject to political dismissal. Plaintiff can point to no case law showing that the *opposite* conclusion is somehow "clearly established."

Further, there is also no clearly established law holding that Plaintiff's allegations relating to her pre-termination work environment rise to the level of a "hostile work environment" for purposes of a First Amendment retaliation claim. As discussed, the "clearly established law" for First Amendment retaliation claims has been explicitly set forth by *Breaux*, which articulates a standard for adverse employment actions that Plaintiff does not even contend she meets. There is no clearly established law holding that the *Burlington* standard applies to First Amendment retaliation claims. Accordingly, Plaintiff's own allegations regarding a "hostile work environment" fail to state a claim under clearly established Fifth Circuit law.

Because Plaintiff can neither articulate a constitutional violation nor point to any clearly established law showing any of Judge Bennett's alleged actions violated the First Amendment,

Judge Bennett is entitled to qualified immunity and a dismissal with prejudice of Plaintiff's claims against Judge Bennett in her individual capacity.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Defendants' Motion to Dismiss (Dkt. No. 38), this Court should dismiss all of Plaintiff's claims against the Defendant Judges.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief - General Litigation Division

*/s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
*Attorney in Charge*
Texas Bar No. 24075241
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

**COUNSEL FOR DEFENDANTS PATRICIA BACA BENNETT, KENNETH EARL NEWELL, JESUS "JESSE" NEVAREZ, JR., JUDITH WELLS, JEROME S. HENNIGAN, JAMES B. MUNFORD, AND ALEX KIM**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2019, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Walter L. Taylor
THE HART LAW FIRM
6630 Colleyville Blvd., Suite 100
Colleyville, Texas 76034
wtaylor@thehartlawfirm.com
*Counsel for Plaintiff*

M. Keith Ogle
David K. Hudson
Sharen Wilson
Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil Division
Fort Worth, Texas 76196
mkogle@tarrantcountytx.gov
dkhudson@tarrantcountytx.gov
*Counsel for Defendant Tarrant County*

                                                  */s/ Benjamin S. Walton*
                                          **BENJAMIN S. WALTON**
                                          Assistant Attorney General